J-S43020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                       :   PENNSYLVANIA
                                       :
               v.                           :
                                       :
                                       :
CURTIS NATHAN THOMAS              :
                                       :
               Appellant             :    No. 1224 EDA 2024

Appeal from the PCRA Order Entered April 8, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0005587-2017

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:               **FILED MARCH 26, 2025**

Appellant, Curtis Nathan Thomas, appeals from the April 8, 2024, order of the Court of Common Pleas of Lehigh County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts are not in dispute.  Briefly, Appellant shot and killed Charles Hughes, III, following a road rage incident in Allentown.  He fled the scene and was apprehended a few hours later after a police chase caused him to lose control of his vehicle and crash.  Following a bifurcated jury trial, Appellant was convicted of first-degree murder, fleeing or attempting to elude police and firearms offenses.  Appellant was sentenced to life imprisonment and a consecutive 10-20 years' incarceration for the firearms offenses.

This Court affirmed the judgment of sentence on July 27, 2020.  Our Supreme Court denied allowance of appeal on February 3, 2021.  Appellant

filed a timely *pro se* PCRA petition on June 9, 2021. He raised several claims of ineffective assistance of trial counsel: (1) failing to request a mistrial and/or curative instruction when the Commonwealth violated a pretrial *in limine* order; (2) failing to object or request a mistrial when the Commonwealth committed prosecutorial misconduct during its closing argument; (3) failing to object to the first-degree murder jury instruction because it was confusing; and (4) failing to challenge a search warrant for his cell phone as overbroad in a petition for allowance of appeal to the Supreme Court. ***See*** PCRA Petition, 6/9/21.

Kevin Santos, Sr., Esquire was appointed as PCRA counsel and filed an amended PCRA petition. The amended PCRA petition raised the same claims that were raised in the *pro se* petition. ***See*** Amended PCRA Petition, 3/22/22. On April 25, 2023, Attorney Santos filed a petition to withdraw as counsel and request for appointment of new counsel. Following a hearing and without objection, Attorney Santos was granted leave to withdraw and Matthew Rapa, Esquire, was appointed.[1] ***See*** Order 5/4/23. Thereafter, Attorney Rapa filed a motion to withdraw with an accompanying ***Turner/Finley***[2] no-merit letter.

_____

[1] After Attorney Santos petitioned to withdraw, but before it was granted, Appellant filed a *pro se* amended PCRA petition. ***See*** Amended PCRA Petition, 4/28/23. The PCRA court properly dismissed this petition as it constituted hybrid representation. ***See Commonwealth v. Tedford***, 960 A.2d 1, 10 n.4 (Pa. 2008) ("[A] criminal defendant currently represented by counsel is not entitled to "hybrid representation" – *i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims.").

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

On March 11, 2024, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition, including any counseled amendments, and granted Attorney Rapa's request to withdraw as PCRA counsel. Appellant did not file a response, and the PCRA petition was dismissed on April 8, 2024. This appeal followed. Appellant raises the following issues for our review, reorganized for ease of disposition:

1. Whether trial counsel was ineffective for failing to challenge the introduction of evidence obtained from a Motorola phone[.]

2. Whether trial counsel was ineffective for failing to challenge or introduce evidence obtained from multiple cell phones tak[en] out of a Honda Ridgeline truck[.]

3. Did the PCRA court err in concluding that petitioner's trial counsel was not ineffective for failing to challenge the credibility of witness identification testimony[?]

4. Whether petitioner's 4th and 14th amendments were violated involving the warrant and affidavit of probable cause.

5. Whether the trial court erred in allowing the Commonwealth to present an improper closing argument; in that the Commonwealth expressed his personal belief about the credibility of non-law enforcement witness[es] which prejudiced the jury[.]

Appellant's Brief, at 6-7.

Appellant's first four issues are waived as they were not raised before the PCRA court and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a) ("issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Appellant's first, second and fourth issues relate to the validity of the search warrant and trial counsel's alleged

ineffectiveness for: (1) not requiring the physical phone that was searched to be produced; (2) not objecting to the testimony of the Commonwealth's expert who did not conduct the examination of Appellant's phone; (3) not challenging the warrant for lack of specificity; and (4) not challenging the warrant as overbroad. Appellant's Brief, at 9-16, 19-20. These issues were not raised in Appellant's *pro se* or counseled PCRA petitions and are therefore waived.

Additionally, a challenge to the validity of the search warrant has been previously litigated. ***See*** 42 Pa.C.S.A. § 9544[3]. Here, trial counsel filed a motion to suppress and argued that the warrant lacked probable cause and, alternatively, if there was probable cause, then the warrant was overbroad. ***See*** Omnibus Pretrial Motion, 4/13/18 at ¶¶ 26-32. That issue also was raised on direct appeal, and this Court determined no relief was due. ***See Commonwealth v. Thomas***, No. 1537 EDA 2019, unpublished memorandum (Pa. Super. filed July 27, 2020). Accordingly, Appellant's first, second and fourth issues are waived because they were not raised before the PCRA court and were previously litigated.

Likewise, Appellant's third issue is waived because it was not raised before the PCRA court. ***See*** Pa.R.A.P. 302(a). Appellant alleges

_____

[3] "[A]n issue has been previously litigated if: . . . (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a).

ineffectiveness of trial counsel for not challenging the Commonwealth's eyewitness testimony and not objecting to the **Kloiber**[4] jury instruction. **See** Appellant's Brief, at 18-19. This issue was not raised in Appellant's *pro se* or counseled PCRA petitions. Thus, it is waived.

We now turn to Appellant's last issue, which was raised before the PCRA court; therefore, we may address its merits. We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **See e.g., Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

In Pennsylvania, counsel is presumed to have rendered effective assistance. **Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa. Super. 2017). To overcome this presumption, a petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action

---

[4] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954).

or inaction. ***Id.*** If a petitioner fails to satisfy any one of the three prongs, the claim fails. ***Id.*** "Counsel will not be found ineffective for failing to raise a meritless claim." ***Commonwealth v. Brown***, 196 A.3d 130, 151 (Pa. 2018).

Appellant's issue, as stated, is whether trial counsel was ineffective for not objecting to the Commonwealth's closing argument wherein it improperly bolstered the credibility of two eyewitnesses. However, his argument section focuses on Appellant's contention that trial counsel was ineffective by not objecting when the Commonwealth "change[d] the terminology of dxgg to dog[ged]." Appellant's Brief, at 16-18. Thus, we conclude that Appellant waived his ineffectiveness claim regarding the bolstering of witnesses as he failed to develop the issue. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, we will only address Appellant's ineffectiveness claim as it relates to the Commonwealth's reference to "dxgg" as "dogged" in its closing.

The PCRA found that Appellant's underlying claim lacked arguable merit. "Arguable merit exists when the factual statements are accurate and could establish cause of relief. Whether the facts rise to the level of arguable merit is a legal determination." ***Commonwealth v. Stultz***, 114 A.3d 865, 880 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015). Statements made by the prosecutor during closing arguments will form the basis for a new trial where "the unavoidable effect of such comments would be to prejudice the

jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Williams*, 896 A.2d 523, 541 (Pa. 2006). "[T]he prosecution is accorded reasonable latitude and may employ oratorical flair in arguing its version of the case to the jury." *Id.* "Prosecutorial conduct will not be found where the comments were based on the evidence or derived from proper inferences." *Id.*

During the trial, the Commonwealth introduced a text message sent from Appellant's phone approximately 30 minutes after the murder on November 1, 2017, which read: "Gotta get another ride, had to dxgg a nigga this morning." N.T. Trial 12/13/18, at 183. The Commonwealth argued in its closing that Appellant's text message admitted that he "dogged" a person. N.T. Trial, 12/14/18, at 28. The Commonwealth did not elaborate on the meaning of the word "dogged." Rather, that it is how the Commonwealth chose to pronounce "dxgg." Defense counsel objected and the Commonwealth responded that it was allowed to argue an inference of what it believed the text message said. *Id.* The trial court overruled the objection. *Id.* Twice more during its closing the Commonwealth referenced the November 1, 2017 text message, using the word "dogged" in place of "dxgg." *See id.* at 46, 53.

Appellant argues that the Commonwealth changed "dxgg" to "dogged" during its closing argument, even though there was no evidence that "established [a] nexus between these two words and their meanings." Appellant's Brief, at 18. He further argues that trial counsel was ineffective

for not objecting to the Commonwealth's use of the word "dogged" in its closing. However, trial counsel *did* object, and that objection was overruled on the basis that the Commonwealth is permitted to make reasonable inferences in their closing. ***See Commonwealth v. Clancy***, 192 A.3d 44, 62 (Pa. 2018) (explaining that "the prosecutor may argue all reasonable inferences from the evidence in the record"). Moreover, there was no testimony or evidence as to the meaning of the word "dxgg" or "dogged" that would have caused the jury to make an adverse inference against Appellant. Appellant has failed to show how the Commonwealth's pronunciation of "dxgg" as "dogged" was prejudicial. Therefore, the PCRA court properly denied relief as the underlying claim lacked arguable merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025